IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MI-BOX OF NORTH FLORIDA, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MI-BOX HOLDING COMPANY, an Illinois company, and MI-BOX FLORIDA, LLC, a New Hampshire limited liability company <br><br> Defendants. | Case No. 1:24-cv-07520 <br><br> Judge Franklin U. Valderrama |

**ORDER**

This case concerns a franchise agreement gone wrong. MI-BOX is a business that offers and sells distinctive storage and moving services featuring the use of proprietary lift systems, the MI-BOX System. R.9,[1] Compl. ¶ 6. Defendant MI-BOX Holding Company (MHC) contracted with Defendant MI-BOX Florida (MI-BOX FL) (collectively, Defendants), giving MI-BOX FL the right to sell MI-BOX dealerships within the state. Compl. ¶ 7. MI-BOX FL, in turn, sold a mobile storage business to Plaintiff MI-BOX of North Florida (Plaintiff). A dispute arose and Plaintiff sued[2] both

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]Plaintiff originally filed its suit in Florida. Subsequently, the U.S. District Court for the Middle District of Florida dismissed and bifurcated the case based on the respective venue provisions in the Dealership Agreement the Equipment Purchase Agreement. *See* R. 40. Pursuant to the Dealership Agreement, Plaintiff's claims against MI-BOX FL are currently pending in New Hampshire. The Equipment Purchase Agreement contains an exclusive venue clause which mandates that any disagreement between the parties be brought in the

MHC and MI-BOX FL for violations of the Florida Deceptive and Unfair Trade Practices Act (Count I); violations of the Florida Franchise Act (Count III); rescission (Count IV); and violation of Fla. Stat. § 559.90. Plaintiff also asserts a claim for fraudulent inducement, but only against MI-BOX FL (Count II). Before the Court is MHC's fully briefed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* R. 44, Mot. Dismiss; R. 44-1, Memo. Dismiss. For the reasons that follow, the Court grants MHC's motion.

## Background

On March 31, 2021, Plaintiff and MI-BOX FL entered into a written Dealership Agreement. Compl. ¶ 17. The Dealership Agreement, containing a New Hampshire choice-of-law provision, granted Plaintiff the exclusive right to establish and operate a MI-BOX dealership in two counties in Florida. *See* R. 9, Exh. 1, Dealership Agreement. Notably, MHC was not a party to the Dealership Agreement. *See id*. MHC and Plaintiff did, however, enter into an Equipment Purchase and Trademark License Agreement (Equipment Purchase Agreement), which authorized Plaintiff to purchase patented lift and storage containers and use the "MI-BOX" trademark. *See id*., Exh. 2, Equipment Purchase Agreement. Unfortunately for Plaintiff, its storage venture was not what it had hoped for and it consequently sued Defendants, asserting that Defendants committed tortious acts and breached their contracts with Plaintiff. MHC moves to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6).

---

state court located in Cook County, Illinois or the U.S. District Court for the Northern District of Illinois. *See id*. Accordingly, Plaintiff's claims against MHC are pending before this Court.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Analysis**

Plaintiff asserts four claims against MHC: violation of the Florida Deceptive and Unfair Trade Practices Act (Count I); violation of the Florida Franchise Act (Count III); rescission (Count IV); and violation of Florida Statute § 559.80 (Count V). MHC argues that Plaintiff fails to state a claim as to all counts. *See generally* Memo. Dismiss. The Court addresses each claim in turn.

**I.   Count I (Violation of the Florida Deceptive and Unfair Trade Practices Act)**

In Count I, Plaintiff alleges that Defendants violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) by failing to provide Plaintiff with a Franchise

3

Disclosure Document (FDD) prior to Plaintiff entering into the Dealership Agreement, as required under 16 CFR § 436.2. Compl. ¶ 22.

MHC moves to dismiss Count I, arguing that under Florida law, it had no duty to provide Plaintiff with an FDD. Memo. Dismiss at 3. The Court agrees. Recall that the Dealership Agreement was made solely between Plaintiff and MI-BOX FL, not MHC. *See generally* Dealership Agreement. True, under Florida law a franchisor is required to provide a prospective franchisee with an FDD at least fourteen days before the prospective franchisee signs a binding agreement. *See* 16 CFR § 436.2 But Plaintiff fails to allege any facts that MHC was a party to the Dealership Agreement and therefore possessed this duty. Plaintiff fares no better in alleging a violation against MHC outside of the Dealership Agreement. Indeed, the Equipment Purchase Agreement, the only contract alleged to exist between MHC and Plaintiff, states that no one from MHC "made any promises or representations that [Plaintiff] will earn or is likely to earn a profit exceeding [Plaintiff]'s initial investment." Equipment Purchase Agreement ¶ 2.9. Here, viewing the allegations of the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has not adequately alleged any deceptive acts by MHC as it relates to either the Equipment Purchase Agreement or otherwise. Accordingly, the Court grants MHC's motion to dismiss Count I.

**II.    Count III (Violation of the Florida Franchise Act)**

In Count III, Plaintiff alleges that Defendants violated the Florida Franchise Act by "intentionally misrepresenting the prospects or chances for success of the MI-BOX franchise sold to" Plaintiff. Compl. ¶ 50. MHC argues that Count III should be

4

dismissed because 1) the Dealership Agreement contains a New Hampshire choice-of-law provision, foreclosing the ability to bring a claim under the Florida Franchise Act; and 2) Plaintiff does not allege misrepresentations by MHC sufficient to state a claim against it under the Florida Franchise Act. Memo. Mot. Dismiss at 4-5. The Court agrees on both fronts.

First, the Court agrees that the New Hampshire choice-of-law provision in the Dealership Agreement forecloses the applicability of the Florida Franchise Act. *See Cluck-U Chicken, Inc. v. Cluck-U Corp.*, 358 F. Supp. 3d 1295, 1309-10 (M.D. Fla. 2017) ("[B]y including a choice of law provision that provides for Maryland law to govern the franchise agreement, Defendants are subject to the dictates of Maryland's franchise act . . . . where the parties agreed to a choice-of-law provision in their contract, claims brought under the statutes of other states are generally inapplicable."). Second, even ignoring the choice-of-law provision, Count III fails as to MHC. Plaintiff again relies upon its argument that MHC failed to provide Plaintiff with an FDD, thereby violating the Florida Franchise Act. But just as Plaintiff's argument concerning the FDD fails as to Count I, so too does it fail here. Because the sale that forms the crux of this suit was executed between MI-BOX FL and Plaintiff—not MHC—Plaintiff has not alleged any duty that MHC had to provide Plaintiff with an FDD. The Court agrees with MHC that, while a complaint "does not need detailed factual allegations," it must at least "provide more than labels and conclusions." *Twombly*, 550 U.S. at 555. Because Plaintiff fails to pass this test, the Court grants MHC's motion to dismiss Count III.

5

### III. Count IV (Rescission)

In Count IV, Plaintiff seeks rescission based upon MHC's alleged "false representations and omissions of material facts." *See* Compl. ¶ 55. Viewing the allegations of the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to point to *any* specific misrepresentations or omissions allegedly made by MHC. *See generally*, Compl. As such, Count IV is dismissed as to MHC.

### IV. Count V (Violation of Fla. Stat. § 559.80 *et seq*.)

In Count V, Plaintiff alleges that Defendants violated Florida Statute § 559.80, the Florida Sale of Business Opportunities Act (FSBOA). *See* Compl. ¶¶ 53–60. MHC argues this claim is also foreclosed because New Hampshire law, not Florida law applies. The Court again agrees with MHC that the allegations relating to the Dealership Agreement are foreclosed under the New Hampshire choice-of-law provision therein. *See Cluck-U Chicken, Inc.*, 358 F. Supp. 3d at 1309–10. Plaintiff counters that the choice-of-law provision is unenforceable because it was unjustly procured through fraudulent means. R. 48, Resp. at 8–9. This argument is a non-starter, as Plaintiff again fails to point to any non-conclusory allegations supporting this contention.

Moreover, MHC submitted supplemental authority from the U.S. District Court for the District of New Hampshire granting a partial motion to dismiss filed by MI-BOX FL.[3] R. 57, Exh. 1, D.N.H. Decision; *see also supra* at 1, n.2 (explaining this

---

[3]MHC adopts the arguments made by MI-BOX FL in its Motion to Dismiss Count V. *See* Memo. Dismiss. at 6 (citing R. 20, MI-BOX FL Mot. Dismiss). Likewise, Plaintiff adopts the arguments it made in opposition to that motion. *See* Resp. at 6 n.1 (citing R. 44, Resp. to MI-BOX FL Mot. Dismiss).

case has been bifurcated, with Plaintiff's claims against MI-BOX FL pending in New Hampshire). There, the court concluded that (1) it is unlikely that the FSBOA applies to this transaction at all; and (2) if it did apply, MI-BOX FL would be exempt under the FSBOA's trademark exception. *See* D.N.H. Decision.

The Court is persuaded by the reasoning of the New Hampshire court. Specifically, the New Hampshire court reasoned the Dealership Agreement did not necessitate a sale of a "sales program" or a "marketing program," as required under the FSBOA, nor does Plaintiff so state in its complaint. *See id.* at 3–6. Accordingly, Plaintiff's rights do not constitute a "business opportunity" for purposes of the FSBOA, and Plaintiff therefore fails to state a claim thereunder. The same logic holds as to the Equipment Purchase Agreement, to which MHC was a party. *See* Equipment Purchase Agreement. Nowhere did the Equipment Purchase Agreement offer a "sales program" or a "marketing program," and as such, Plaintiff's rights do not constitute a "business opportunity" for purposes of the FSBOA. Plaintiff, therefore, fails to state a claim under the FSBOA against MHC.

Further, momentarily putting aside the likely inapplicability of the FSBOA as a whole, an exception in the FSBOA serves as an *additional* bar to Plaintiff's claim. *See* D.N.H. Decision at 6–7. Section 559.801(1)(a)(4) provides that "this paragraph does not apply to the sale of a sales program or marketing program made in conjunction with the licensing of a trademark or service mark . . . if the seller requires the use of the trademark or service mark in the sales agreement." Fla. Stat. § 559.801(1)(a)(4). The Equipment Purchase Agreement specifically included a

7

trademark license agreement, allowing Plaintiff to engage in business services in conjunction with the MI-BOX trademark. *See* Equipment Purchase Agreement. Thus, "it is plain that [the Equipment Purchase Agreement] was made in conjunction with the licensing of a [registered] trademark or service mark," and as such, the exception precludes the applicability of the FSBOA to Plaintiff's claim against MHC. *See* D.N.H. Decision at 7. Accordingly, the Court grants MHC's motion to dismiss Count V.

## Conclusion

For the reasons stated in this Order, the Court grants MHC's motion to dismiss without prejudice and with leave to amend. If Plaintiff intends to file an amended complaint, it must do so by 10/14/2025.

Dated: September 30, 2025

Franklin U. Valderrama
United States District Judge